FAULKNER, Justice.
Plaintiffs sought summary judgment based on a settlement agreement previously reached between the parties, and a settlement decree subsequently ratified, and adopted by the circuit court. The agreement provided that the defendants would make payments to plaintiffs in monthly installments. Upon default the circuit court granted summary judgment for the plaintiffs and awarded them money judgments totalling $2V2 Million. We affirm.
The parties to this appeal have all been involved in a limited partnership and corporation to exploit various coal interests in North Alabama. Hales was general partner, and president, and chairman of the board of the corporation. Prior to August, 1977, the parties were engaged in complex and hotly contested litigation. Over a period of time, the plaintiffs had filed six separate suits against Hales. The instant case was filed on May 25, 1977, seeking, among other things, the appointment of a receiver. At the time of trial the parties, after extensive negotiations, entered into an agreement which resulted in a settlement decree ratified by the trial court on August 12, 1977. As part of the decree, Hales was to make payments of $90,600 a month to plaintiffs over 36 months with a balloon payment at. the end. All pending cases between the parties were consolidated with the court retaining jurisdiction of the consolidated action and the parties until the agreement was fully complied with.
Hales missed the March and April, 1978, payments and on May 3, 1978, the plaintiffs moved for summary judgment based on the settlement agreement and settlement decree. Hales opposed the motion at that time and at later hearings and attempted to argue the merits of the six consolidated cases, asserting that there were numerous unresolved genuine issues of material fact and law on the record. On June 8, the court granted plaintiffs’ amended motion for summary judgment. In his order he calculated the specific amounts due each of the plaintiffs for a total judgment of $2,453,911.71.
On appeal Hales asserts that summary judgment was improper as it left unresolved a variety of factual questions raised by the six consolidated cases.
The trial judge, in his order granting plaintiffs’ amended motion, stated:
“Under the Agreement and Decree, these Defendants agreed to pay the Plaintiffs the amounts set out in Paragraph 2(a) of the Settlement Decree in minimum monthly payments as set out in Exhibit “B” to the Settlement Decree, and all other issues, claims and demands of every kind and nature between these parties were resolved and extinguished.
[[Image here]]
“The Attorney for the Defendants strenuously argues that the Defendants have a meritorious claim against Plaintiffs and that the granting of the Summary Judgment would deprive Defendants of certain legal remedies and rights of action that Defendants have against each of the Plaintiffs. The Court notes, however, that the Defendants’ claims and *11 demands against the Plaintiffs were matters which, by the terms of the Agreement, were extinguished, settled and laid to rest.”
The settlement agreement as ratified by the court provided:
“It is mutually agreed between the plaintiffs and the promisors [defendants], their heirs, assigns and successors, all issues presented in this action and all other claims or demands of any kind or nature by these parties are resolved and extinguished by this settlement agreement which from and after this date reflect all liabilities or covenants, claims or demands by the parties hereto.”
The agreement further provided that in the event of default and failure to cure “the plaintiffs may declare the entire balance due hereunder and file with the court appropriate motions to be heard on 10 days’ notice to promissors [defendants] to enforce the provisions of this agreement, and for such other relief as the court may grant in the pending or consolidated cases.”
The various provisions of this settlement agreement were outlined, and discussed in open court by counsel in the presence of the parties. On several occasions, Hales himself, interjected remarks for clarification. It was agreed that the transcript of this discussion would be used as an aid in interpreting the settlement agreement. During this discussion, one of the attorneys for Hales made the following statement in Hales’ presence:
“The consummation of the written settlement agreement which we anticipate to follow and these representations as made in open court are, as far as our clients are concerned, considered to be binding and enforceable. A provision in the settlement agreement that they shall be binding and enforceable upon the heirs and assigns of the various parties, and whatever written agreement the parties come to shall be approved by the court for ratification.”
Hales made no effort to contradict or correct this analysis by his own attorney. Similar statements regarding the effect of the agreement can be found throughout the transcript of the proceedings. At another point in the discussion, counsel for one of the plaintiffs made it clear that upon default not cured the plaintiffs would apply for summary judgment based upon the agreement. Again, neither Hales nor his attorney indicated that such an occurrence would reopen matters already agreed to by the parties.
From the above quoted provisions of the agreement and statements made in open court it is apparent that the settlement agreement, and settlement decree resolved all disputed matters between the parties prior to August 11-12, 1977. Upon a showing of default and failure to cure, plaintiffs were entitled to summary judgment to enforce the agreement.
AFFIRMED.
TORBERT, C. J., and JONES, ALMON and EMBRY, JJ., concur.