MADDOX, Justice.
This appeal involves another in a series of lawsuits the parties have had during the last decade involving what started out as a limited partnership and corporation formed by them to exploit various coal interests in North Alabama.
The thrust of plaintiffs’ argument on this appeal is that the defendant wrongfully caused an execution to issue against certain corporate and partnership assets in which the plaintiffs contend that the defendant had no interest, to the plaintiffs’ damage, and that the trial court erred in failing to find in their favor on this claim and on another claim that the defendant had slandered their title to certain real property.
The trial judge, after hearing the evidence without a jury, entered an order in which he made certain findings of fact and conclusions of law, as follows:
“This case was tried before the court non-jury on September 23, 1985.
“The plaintiffs seek to recover money damages against the defendant based upon three different causes of action: (1) that the defendant caused to be seized from the plaintiffs certain corporate and partnership assets in which plaintiffs contend defendant had no interest; (2) that the defendant tortiously interfered with corporate and partnership business to the plaintiffs’ damage; and (3) that the defendant slandered title to certain real property in which the plaintiffs claim an interest.
“The evidence is that the plaintiff, Philip Hales, and the defendant, along with some other persons who are not parties to this suit, entered into a business venture in July, 1976, whereby they formed a partnership and a corporation to advance the purpose of such venture. In May, 1977, a dispute between Philip Hales and the other participants resulted in the filing of a lawsuit by H.K. Scott and others against Philip and Dorothy Hales and others. The suit was filed in this court and is designated as case number CV 77 500044. On August 11, 1977, the parties to that lawsuit entered into a settlement agreement in open court which was approved by the court and reduced to a settlement decree entered by the court on August 12,1977. By the terms of this settlement agreement, Philip and Dorothy Hales became obligated to make certain monthly installment payments to H.K. Scott and the other plaintiffs in that suit. Philip and Dorothy Hales defaulted in making such payments and a judgment was rendered against them in favor of H.K. Scott for *1222 $746,276.26 by orders of the court dated June 8, 1978, and June 14, 1978.
“The case files in case CV 77 500044 show that H.K. Scott has attempted to collect his judgment through a series of judicial proceedings, including execution on property owned by Philip and Dorothy Hales. The court finds that the matters which form the basis for [the] Haleses’ present action resulted from such collection efforts by Scott.
“The seizure of personal assets about which the Haleses complain was conducted by the Sheriff of DeKalb County pursuant to an execution order issued by the Register of the court. The evidence fails to establish anything unlawful about the execution order or any good reason why Scott was not entitled to procure its issuance.
“As the holder of a judgment against the Haleses, H.K. Scott was entitled to pursue collection of the judgment by lawful means, and his exercise of that right under the facts of this case is not basis for recovery by the plaintiffs.
“As to the plaintiffs’ claim that the defendant has slandered title to their interest in certain real property, it appears that the basis for this claim is that Scott advertised for sale a tract of real property in which he had acquired an interest by foreclosure of a mortgage in which Philip and Dorothy Hales were mortgagors. Scott concedes that the Haleses own an undivided one-tenth interest in one tract of the real property which was advertised for sale by Scott and such interest is now the subject of a sale for division in case no. CY 88-228. The court finds that there is insufficient evidence that any damage resulted to the plaintiffs as a proximate result of the advertisement by Scott.
“For the reasons stated, IT IS ADJUDGED AND DECREED that the plaintiffs shall have no recovery from the defendant.
“Because the court has found in earlier proceedings that the plaintiffs were entitled to partial relief on their request for an injunction, the court cost in this action is taxed to the defendant.
“DATED DECEMBER 31, 1985. “/s/ Randall L. Cole “CIRCUIT JUDGE”
Case number CV-77-500044, referred to in the trial court’s order, involved a suit brought against the present appellants to enforce a settlement agreement which provided that the Haleses would make monthly installments. That case appealed to this Court previously, and this Court affirmed the trial court’s grant of summary judgment. See Hales v. Hicks, 369 So.2d 9 (Ala.1979). In that case, this Court stated:
“From the above quoted provisions of the agreement and statements made in open court it is apparent that the settlement agreement, and settlement decree resolved all disputed matters between the parties prior to August 11-12, 1977. Upon a showing of default and failure to cure, plaintiffs were entitled to summary judgment to enforce the agreement.”
369 So.2d at 11.
An execution on the final judgment entered in that case forms the subject matter for this litigation.
After reviewing the briefs of the parties and the applicable portions of the transcript filed on appeal, we are of the opinion that the appellants have failed to show that the trial court committed reversible error. When the testimony is presented ore tenus, the trial court’s findings and conclusions based thereon are given the same weight as the verdict of a jury, and will not be disturbed unless palpably wrong. Harrelson v. Glisson, 424 So.2d 591 (Ala.1982); 2B Ala.Digest, Appeal and Error, Key No. 1008.1.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.