SHORES, Justice.
Ira Joe Crump filed this action against the Etowah County Commission and its members after it denied his application for a liquor license. He alleged that the denial of his application was arbitrary and capricious.
After a bench trial, where the evidence was presented ore tenus, the trial court entered a judgment holding that Crump had failed to show that the denial of his application for a liquor license was arbitrary and capricious. Crump appealed. We affirm.
The record shows the following: Crump applied to the Etowah County Commission for its approval for the issuance of a liquor license by the State’s Alcoholic Beverage Control Board. Crump at that time had a beer license for his place of business on U.S. Highway 11 in the Keener Community near the DeKalb County line. He was a resident of DeKalb County.
At the time of the application, Etowah County was politically divided into four districts, with a commissioner serving each district. Billy Ray McKee was the commissioner serving District Two, in which Crump’s business was located.
When the application was referred to the Commission by the ABC Board, McKee investigated the matter by observing the physical scene and location, and he talked with 25 to 30 people in the area. McKee’s inquiries revealed that 90-95 percent of the people in the area opposed a liquor license. There were beer establishments in the area. McKee also considered highway traffic and distances from law enforcement offices and stations. He was informed by ABC Agent Noojin that complaints had been made to the ABC Board that minors had been obtaining beer at Crump’s beer store, and that Crump had a reputation for beer sales to minors. The ABC Board recommended that the license be denied.
Crump’s application for a liquor license in rural Etowah County, outside the corporate limits of any municipality, was the first application ever submitted to the Eto-wah County Commission. Each of the then-existing liquor stores in Etowah County, including stores operated by the ABC Board, was inside the corporate limits of one of Etowah County’s 12 municipalities.
At the Etowah County Commission meeting on July 15,1986, McKee moved to deny the license; his motion was unanimously passed. It was the usual practice for other members of the Commission to follow the vote of the Commissioner in whose district an activity before the Commission was located, but other Commissioners were free to vote whichever way they wanted to vote on a matter. McKee testified that he exercised his own judgment and considered all *15 the factors before him in deciding whether to approve or disapprove the application.
ABC Agent Buttram testified of known complaints concerning the operation of Crump's business and the sale of beer to minors from that location.
ABC Agent Noojin told of numerous complaints at Crump’s business for selling beer to minors and said that Crump had a reputation for selling beer to minors. Agent Noojin recommended that the license be denied.
In the course of the testimony, there was an admission by Crump’s attorney that Crump had pleaded guilty to violating the prohibition law in DeKalb County, Alabama. He had been arrested for transporting illegal liquors in a dry county and had pleaded guilty to the reduced, charge of violating the prohibition law. He was sentenced to six months in jail and fined $500 and costs.
Commissioner McKee and Chairman Hitt were the only commissioners who testified at the trial. McKee testified that, after considering the petition, it was his conclusion that approval of Crump’s license would not be beneficial to the community but would be injurious to it; therefore, he said, he voted against approval.
We can not, under these facts, reverse the trial court’s finding that the denial of this liquor license application was not arbitrary and capricious. Ott v. Everett, 420 So.2d 258 (Ala.1982); Black v. Pike County Commission, 360 So.2d 303 (Ala.1978); Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690 (Ala.1978); Black v. Pike County Commission, 375 So.2d 255 (Ala.1979); Harrelson v. Glisson, 424 So.2d 591 (Ala.1982).
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and KENNEDY, JJ., concur.