The issue in this case is whether the Madison County Commission acted arbitrarily and capriciously in denying Royce Lane Maddox's application for approval of the issuance of an off-premises retail liquor license for his place of business, Doyce's Spirits, by the Alabama Alcoholic Beverage Control Board (hereinafter "ABC Board"). We hold that it did not, and, therefore, we affirm the judgment of the trial court, which had upheld the commission's action.
On March 2, 1992, Maddox filed an application with the ABC Board for an off-premises retail liquor license.[1] Because Maddox's place of business is in an unincorporated area of Madison County, § 28-3A-23(d), Ala. Code 1975, required that he obtain the county commission's approval before the ABC Board would grant him the liquor license.
On October 12, 1993, Maddox applied to the Madison County Commission for the liquor license, after receiving a letter from it explaining the procedures and requirements for obtaining a liquor license. On December 6, 1993, the county commission held a public hearing regarding the application; afterwards, it voted unanimously to deny Maddox's application.
On December 17, 1993, Maddox filed in the circuit court a complaint styled as a "petition for judicial review," seeking a reversal of the county commission's decision. The Madison County Commission answered the complaint. On June 1, 1994, the trial judge, after an ore tenus trial, entered a final judgment denying Maddox's requested relief. Maddox appealed.
This Court has written:
 "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King *Page 226 v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala. 1985)."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13
(Ala. 1989).
In June 1993, the Madison County Commission had adopted a resolution containing procedures for approval of retail liquor licenses; that resolution was amended in October 1993. Maddox argues, first, that that "liquor license resolution," specifically paragraph 5, and the commission's procedures relating to applications for liquor licenses violate the state and federal Constitutions because, he says, they are "overbroad" and "vague" and thus deny him equal protection and due process.
 "5. The Madison County Commission shall not approve any application for a retail liquor license where the licensee is located in any area of the county other than an area that is predominantly a commercial area, that is, where the structures located adjacent to and across from the premises sought to be licensed are commercial in nature."
(Emphasis added.) Because of the property's location, and based on the language of paragraph 5, the county commission denied Maddox's application. Although in the trial court Maddox argued that the resolution and the commission's procedures were unconstitutional and although in his docketing statement filed in this Court he stated that he was challenging the constitutionality of § 28-3A-23(d), his brief here raises no issue regarding the constitutionality of the commission's resolution and procedures. Therefore, any such issue is waived. See, e.g., Deutcsh v. Birmingham Post Co., 603 So.2d 910, 911
(Ala. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 976,122 L.Ed.2d 130 (1993); Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985); see also Rule 28(a)(3) and (5), Ala.R.App.P.
Second, Maddox contends that the county commission's denial of his application was arbitrary and capricious, because, he says, there was no evidence to support it; therefore, he says, the trial court's judgment was also palpably erroneous. However, according to Alabama law, the burden of proof in a case like this is on the liquor license applicant to prove that the county commission acted arbitrarily and capriciously, and only if the applicant meets the burden will the commission's decision be reversed. Black v. Pike County Comm'n,375 So.2d 255, 257 (Ala. 1979).
At the December 6, 1993, hearing before the county commission, Maddox's attorney, Earl McNeal, made a short argument, but Maddox, who appeared, did not testify and did not present any witnesses or evidence in support of his application. However, an attorney representing some residents of the area in which Maddox's business was located made a presentation in opposition to Maddox's application. Also, 17 area residents stood up at the hearing to express their opposition to the application; four area residents stated, before the commission, that they opposed approval of a liquor license to Maddox for various reasons, including matters relating to traffic safety and the fact that the area was not a commercial area. The commission then denied Maddox's application, stating that the denial was on the basis that his place of business "was not in a commercial area," citing paragraph 5 of the resolution. (R. 12.)
At trial, Maddox testified that the business for which he applied, Doyce's Spirits (hereinafter "Doyce's"), is located on the east side of State Highway 53, a rural road, across from B and D Catfish Restaurant, which does not serve liquor. A motel, approximately one-half mile away, is located on the west side of the highway and is visible from Doyce's in the winter. He also testified that someone has an off-premises retail liquor license for a small office building about 5 miles south of Doyce's; that building, he said, is on the same road, and has an automobile sales lot beside it, with no other commercial activity close by. He stated that while no businesses or residences are located immediately beside Doyce's in either direction, some houses are located behind the business, including one *Page 227 
residence that is about 120 to 150 feet from the back of Doyce's.
It appears that one reason for the denial of the application may have been the residents' disapproval, but the main reason appears to be, as the commission indicated, the fact the commission considered Doyce's not to be in a commercial area. Howard Baites, the Madison County administrator, testified that he had inspected the property on which Doyce's was located, that he had measured the distance between it and the nearest residences, and that he had seen a trailer and a house nearby, and that from his observations he had determined that the area was basically rural. Glen Nunley, a county commissioner from the district where Doyce's is located, testified that he recommended that the county commission deny the license because, after inspecting the area and hearing the testimony of residents, he considered the area to be a residential area, even though he acknowledged the catfish restaurant to be commercial. Furthermore, a March 1992 ABC Board report, submitted at trial by Maddox, shows the area to contain Doyce's, nine residences, and one restaurant, and that report classifies the area as "rural residential."
While the county commission's power to deny liquor licenses is subject to judicial review, the State's power to regulate the sale of liquor is still very broad, as compared to, for example, the State's power to regulate an ordinary lawful business. Black v. Pike County Comm'n, 375 So.2d 255, 257 (Ala. 1979); Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690,692 (Ala. 1978). Based on the evidence presented, we cannot hold that the county commission acted arbitrarily and capriciously in denying Maddox's application. The trial court heard the evidence ore tenus; its findings of fact disclosed ample reasons for the denial and those findings were not palpably erroneous. Therefore, we will not reverse its judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.
[1] Pursuant to a previous order issued by the Madison County Circuit Court, Maddox has a retail off-premises beer license for the same property and is eligible for a table wine license upon application.