The Mobile City Council denied Vasilios Simpsiridis's application for a liquor license for a store known as the Broad Street Food Mart, which he operated through a corporation, Broad Street Food Mart, Inc. The Mobile Circuit Court entered a judgment declaring that that denial had been arbitrary and capricious and setting aside the denial and directing the approval of the license. The City of Mobile appealed. We affirm.
The trial judge's opinion reads:
 "On June 30, 1998, this action came before the Court for a nonjury trial to determine de novo whether or not the Mobile City Council properly denied approval of an application for an off-premises consumption license for the retail sale of liquor sought by the Plaintiffs [Simpsiridis and the corporation]. The proceeding was brought pursuant to [§ 28-1-6, Ala. Code 1975]. Plaintiffs sought a . . . judgment setting aside the denial of approval of the application by the Mobile City Council and further *Page 379 
sought a declaration that Plaintiffs are entitled to approval of the application for an off-premises consumption license for liquor. Plaintiffs further sought attorney's fees and costs under [§ 28-1-6(b)].
 "The Court, having carefully considered the testimony of the witnesses, the exhibits, arguments of counsel and the record herein, makes the following Findings of Fact and Conclusions of Law:
"Findings of Fact
 "1. . . . Broad Street Food Mart, Inc., an Alabama corporation, by and through its president, Vasilios Simpsiridis, an adult resident and citizen of Alabama, applied on or about April 13, 1998 for a Lounge Retail Liquor Class II [license] (Package Store). The application process was initiated through the City of Mobile Revenue Department with the application requiring the approval of the Mobile City Council (application by Broad Street Mart, Inc. on or about April 13, 1998).
 "2. The Mobile City Council considered the application at its meeting of May 19, 1998. During the City Council meeting, as reflected by the Minutes of the meeting, Council President Clinton Johnson remarked that the subject application was `exactly in line with the matter that was before us previously' and that the Council was going to deny this application because `what's good for the goose is good for the gander.' There was no evidence presented to the City Council that the package store would create a nuisance or that allowing the application would create circumstances clearly detrimental to adjacent residential neighborhoods. The City Council also had no evidence that approving the application would violate any applicable zoning restrictions or regulations. To the contrary, the City Council had before it from the City of Mobile Urban Development Land Use Administration evidence that this convenience store with retail liquor sales was a permitted use in this zoning ordinance. (Memorandum to Mary Ann Merchant from Christopher S. Boone, dated May 19, 1998 re: 1167 Broad Street South.) The City Council also had before it when it denied the application a memorandum from the Mobile Police Department to its Chief of Police, Samuel M. Cochran from Major Thomas M. Calhoun, Commander, Investigative Services Division, a recommendation that the application be approved. (Memorandum to Cochran from Calhoun dated April 23, 1998 re: Broad Street Food Mart, Inc.)
 "3. During trial the entire file of the City regarding the subject application was admitted by agreement. The City also offered the testimony of Mr. Johnson, who testified that the subject premises [were] in his council district. Mr. Johnson expressed concern that allowing a package store would lead to loitering and potential criminal behavior. Mr. Johnson gave no specific instances of past criminal incident[s] or other disturbance[s] at the Broad Street Food Mart. Mr. Johnson offered no evidence to support his concerns.
 "4. The Court heard the testimony of Mr. Simpsiridis and Father Joseph L. Bolling, pastor of St. Matthew's Roman Catholic Church, which church is located directly across the street from Broad Street Food Mart. Mr. Simpsiridis testified that he had opened his business in 1979 and started selling beer and wine in 1992. Mr. Simpsiridis reported, consistent with what was before the Mobile City Council, no criminal incidents or other events that cause alarm at his premises. He further testified that no loitering was allowed on his premises and that the operational hours of the package store would be from approximately 12:00 noon until 7:00 p.m. Mr. Simpsiridis offered evidence of his plans for the package store to have a separate entrance in compliance with all applicable regulations. Mr. Simpsiridis also *Page 380 
testified another package store was located approximately one mile from Broad Street Food Mart. None of this evidence was contradicted.
 "5. Father Bolling testified that Broad Street Food Mart had been a good neighbor to St. Matthew's. Father Bolling stated he had noticed no loitering or other questionable events at Broad Street Food Mart. Father Bolling explained that St. Matthews School had closed many years ago and was now used for storage.
 "6. There was no evidence brought before the Court that any persons complained to the City Council about Broad Street Food Mart having a package store. To the contrary, no one came forward when notice of the liquor license application was posted on the premises of Broad Street Food Mart.
"CONCLUSIONS OF LAW
 "1. Code of Alabama § 28-1-6 is a fairly recent statute, having been enacted in 1995. The statute requires all applications for certain liquor licenses to be first approved by the governing body of the municipality in which the site of the license is situated. The statute provides that denial of approval by such governing body can be set aside by order of a circuit court on the ground `that the municipal approval was arbitrarily or capriciously denied without a showing of one of the following: a. The creation of a nuisance. b. Circumstances clearly detrimental to adjacent residential neighborhoods. c. A violation of applicable zoning restrictions or regulations.'
 "2. The Court is mindful that in the interpretation of statutes it is the intent of the legislature that constitutes the law. In construing and applying a statute the essential object to be determined is the valid legislative intent. In reaching that determination the Court has to consider the subject upon which the law operates, its language and purpose. See generally Board of Dental Examiners v. King, 364 So.2d 311 (Ala.Civ.App. 1977).
 "3. In the instant case the Court finds that the Mobile City Council arbitrarily or capriciously denied the application of Broad Street Food Mart, Inc. for an off-premises consumption license for the retail sale of liquor. Use of the word `arbitrary,' as used in § 28-1-6(a)(2) clearly establishes that the legislature requires the municipal governing body to deny an application based on some substantial evidence. See Board of Dental Examiners v. King, [supra], 364 So.2d 311, 315. In other words, a circuit court has to set aside the action of a municipality governing body if the action is unsupported by any substantial evidence. It is apparent that the actions of the Mobile City Council were arbitrary and capricious by the testimony of its president, Clinton Johnson. Mr. Johnson admitted that there was no substantial evidence afforded the City Council to [support] a decision denying the application. In fact, President Johnson admitted that he stated at the City Council meeting that the denial was based on a former denial and `what's good for the goose is good for the gander.'
 "4. This Court concludes, as a matter of law, that the denial of this application by the Mobile City Council was arbitrary and capricious. The Court further concludes that declaratory relief is due to be granted the Plaintiffs approving the application for a package store.
 "5. The Court reserves jurisdiction to determine an award of attorney's fees and costs.
"Judgment will be entered by separate document.
"DONE this 31st day of July, 1998.
 "/s/ Edward B. McDermott
"Circuit Court Judge"
The Alabama Legislature enacted § 28-1-6 in 1995, by Act No. 95-561, Ala. Acts 1995. The Code section reads: *Page 381 
 "§ 28-1-6. Alcoholic Beverage Control Board prohibited from issuing licenses for sale of intoxicating beverages in Class 1 or 2 municipalities; exceptions.
 "(a) All other provisions of law, rules, or regulations to the contrary notwithstanding, the Alabama Alcoholic Beverage Control Board shall absolutely have no authority to issue any form of license in a Class 1 or Class 2 municipality, including, but not limited to, off-premise consumption licenses,1restaurant licenses, or club licenses, for the retail sale of any form of intoxicating beverages, including, but not limited to, malt liquor, beer, wine, liquor, or other alcoholic beverage regulated by the board, unless one of the following requirements are satisfied:
 "(1) The application has first been approved by the governing body of the municipality in which the site of the license is situated.
 "(2) The denial of approval by the governing body has been set aside by order of the circuit court of the county in which the site is situated on the ground that the municipal approval was arbitrarily or capriciously denied without a showing of one of the following:
"a. The creation of a nuisance.
 "b. Circumstances clearly detrimental to adjacent residential neighborhoods.
 "c. A violation of applicable zoning restrictions or regulations.
 "(b) Proceedings in the circuit courts to review an action of a municipal governing body denying approval of an application shall be expedited de novo proceedings heard by a circuit judge without a jury who shall consider any testimony presented by the city governing body and any new evidence presented in explanation or contradiction of the testimony. If a license applicant prevails in any judicial review on any basis other than new evidence presented to the court that was not presented to the municipal governing body, the applicant shall be entitled to an award of attorney fees against the municipality. Any proceeding to review the denial of approval of a license application shall be commenced within 14 days of the action by the municipal governing body and shall be set for hearing by the court within 30 days thereafter."
This statute requires a de novo nonjury review by the circuit court of a municipal governing body's order denying approval of an application for "any form of license" for the sale of "any form of intoxicating beverages." The statute requires the trial judge reviewing the municipality's denial of a license to consider all the evidence before the municipality and any new evidence that may be offered at the de novo hearing in the circuit court. §28-1-6(b). The statute is unambiguous. It gives the ultimate decision to a circuit judge on a de novo appeal from the denial of an application for a license to sell alcohol. The trial judge can set aside the governing body's denial of approval on the ground "that the municipal approval was arbitrarily or capriciously denied without a showing of one of the following: a. The creation of a nuisance. b. Circumstances clearly detrimental to adjacent residential neighborhoods. c. A violation of applicable zoning restrictions or regulations." § 28-1-6(a)(2).
The trial court explicitly followed the statute and made specific findings of fact based upon the evidence that was before the municipality when it denied the application and upon the minutes of the meeting of the city council at which the application was denied. The only negative matter presented on the application, according to the record before us, was Council President Clinton Johnson's concern, without any evidence to support it, that the issuance of a license at these premises might increase crime and loitering in the area.
The trial court's findings of fact are presumed to be correct when they are *Page 382 
based on ore tenus evidence. Because § 28-1-6
provides for de novo review in the circuit court from the disapproval of an application for a license to sell alcohol, the usual presumption in favor of the findings by the city or administrative agency is not applicable here. The City of Mobile argues that its action should be upheld if there exists any rational basis for its denial of the application. That would be true, except for the express provisions of § 28-1-6. In the case of an appeal to the circuit court, the statute requires a circuit judge to hear the evidence de novo, i.e., without any presumption in favor of the municipality. § 28-1-6(b). The State's power to regulate the sale of liquor is very broad, as compared to the State's power to regulate an ordinary lawful business. Maddox v.Madison County Comm'n, 661 So.2d 224, 227 (Ala. 1995), citingBlack v. Pike County Comm'n, 375 So.2d 255, 257 (Ala. 1979), andInn of Oxford, Inc. v. City of Oxford, 366 So.2d 690, 692 (Ala. 1978).
On appeal from the order of the circuit court, we are required to indulge every presumption in favor of the trial court's findings of fact. King v. Travelers Ins. Co.,513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). The trial court's judgment in such a case will be affirmed if, "under any reasonable aspect of the testimony, there is credible evidence to support the judgment." Jones v. Jones,470 So.2d 1207, 1208 (Ala. 1985). Clark v. Albertville Nursing Home, Inc.,545 So.2d 9, 12-13 (Ala. 1989). By that standard, the record supports the trial court's findings of fact, and those findings were not palpably erroneous. Section 28-1-6 compels the trial court's conclusions of law under those facts.
The statute expressly provides for an award of attorney fees in the circuit court. Section 28-1-6(b) provides that "[i]f a license applicant prevails in any judicial review on any basis other than new evidence . . ., the applicant shall be entitled to an award of attorney fees against the municipality." The trial court reserved jurisdiction to award attorney fees to the applicant's attorney. The City appealed the trial court's order on the merits, but it does not argue that the trial court erred in reserving jurisdiction to award an attorney fee. While the statute is silent with regard to whether an applicant is entitled to an award of an attorney fee on appeal to an appellate court, to deny such an award would run counter to the obvious intent of the statute when the trial court has found that the action of the City was arbitrary and capricious and was not based upon any of the statutory reasons for disapproving the application and the record contains no evidence that is contrary to the findings of fact entered by the trial court. The trial court reserved jurisdiction to rule on a request for attorney fees; consequently, we affirm the judgment on the merits. Crump v. Etowah County, 541 So.2d 14,15 (Ala. 1989); Maddox v. Madison County Comm'n, supra. We remand the cause for the trial court to award a reasonable attorney fee as authorized by § 28-1-6(b), as we have interpreted that statute.
AFFIRMED; REMANDED FOR CONSIDERATION OF REQUEST FOR ATTORNEY FEE.
Hooper, C.J., and Maddox, Kennedy, See, and Brown, JJ., concur.