James Edward Glenn applied to the City of Montgomery for a Class I lounge liquor license under the trade name E J Lounge, in February 1998. The Montgomery City Council held a hearing on the application and denied it in March 1998. Glenn appealed the denial to the Circuit Court of Montgomery County, which held a de novo hearing and granted the application. *Page 479 
Glenn had filed a similar application in March 1997, which was also denied; he did not appeal that denial.
The City appeals, arguing that the trial court erred by: (1) not dismissing the appeal as untimely; (2) not considering all the evidence presented by the City; and (3) improperly interpreting Ala. Code 1975, § 28-1-6.
This case is governed by § 28-1-6, which regulates the issuance of liquor licenses in Class 1 or 2 municipalities. The City is a Class 1 municipality. The supreme court has stated the standard of review in a case governed by § 28-1-6:
 "The trial court's findings are presumed to be correct when they are based on ore tenus evidence. Because § 28-1-6 provides for de novo review in the circuit court from the disapproval of an application for a license to sell alcohol, the usual presumption in favor of the findings by the city or administrative agency is not applicable here. . . . In the case of an appeal to the circuit court, the statute requires a circuit judge to hear the evidence de novo, i.e., without any presumption in favor of the municipality. Section 28-1-6(b). The State's power to regulate the sale of liquor is very broad, as compared to the State's power to regulate an ordinary lawful business. Maddox v. Madison County Comm'n, 661 So.2d 224, 227
(Ala. 1995), citing Black v. Pike County Comm'n, 375 So.2d 255, 257 (Ala. 1979), and Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690, 692 (Ala. 1978).
 "On appeal from the order of the circuit court, we are required to indulge every presumption in favor of the trial court's findings of fact. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736
(Ala. 1989). The trial court's judgment in such a case will be affirmed if, `under any reasonable aspect of the testimony, there is credible evidence to support the judgment.' Jones v. Jones, 470 So.2d 1207, 1208 (Ala. 1985). Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala. 1989)."
City of Mobile v. Simpsiridis, 733 So.2d 378 (Ala. 1999).
The City first argues that the trial court did not have jurisdiction over the appeal of the denial of the license because the appeal, the City contends, was untimely. Section 28-1-6(b) provides that an appeal from a denial of a license application must be made to the circuit court within 14 days of the denial. The City argues that Glenn's 1998 application is actually an attempt to appeal the March 1997 license denial and that he should be estopped from reapplying less than one year after the first application was denied. The City contends that the 1998 application is almost identical to the 1997 application and that the statute should be interpreted to prevent a reapplication less than a year after an almost identical application was denied. Glenn states in his brief that his second application was filed 349 days after the denial of the first application, and he contends that there were differences between the two applications; therefore, Glenn argues that he should be allowed to seek review of the denial of the second application.
The City cites Jones v. Alabama State Bd. of Pharmacy,624 So.2d 613 (Ala.Civ.App. 1993), in support of its position. The State Board of Pharmacy revoked Jones's license. Jones appealed the revocation to the circuit court, which dismissed the appeal on the ground that the appeal did not comply with the Alabama Administrative Procedure Act ("AAPA"). Three years later, Jones filed before the Board a petition to reinstate his license, and the Board dismissed the petition. Jones petitioned the circuit court for a writ of mandamus directing the Board to hold a hearing on his petition. The circuit court denied the writ. Jones appealed to this court, which held that Jones was not entitled to a reinstatement hearing. This court reasoned that the AAPA did not provide for a reinstatement procedure and that Jones's petition *Page 480 
was a collateral attack on the Board's original revocation order, and that the issues he raised in the petition should have been raised in a timely appeal from the Board's order.
Jones is distinguishable from the present case. First, this case is not governed by the AAPA, and Glenn is not entitled to the procedural safeguards of the AAPA that Jones was entitled to in his hearing before the Board of Pharmacy. Also, § 28-1-6
provides for de novo review in the trial court; therefore, the City's decision to deny the license is not presumed correct. Furthermore, as Glenn points out, he filed his second application almost one year (in fact, 349 days, or 16 days less than a full year) after the City had denied the first application, and the City concedes that it would not contest review of a new application that was filed one year after a previous denial. This concession precludes consideration of the doctrine of res judicata. We conclude that Glenn was not barred from reapplying for a license and that his appeal from the second denial is timely; therefore, the trial court had jurisdiction over the case.
The City next argues that the trial court erred by not considering all the evidence it presented in opposition to the license application. The City argues that the trial court did not consider evidence it presented regarding the first license denial in 1997. The trial court did admit portions of the minutes of the City Council meeting at which the 1997 license application was discussed and denied, and it admitted evidence the City considered in denying the 1997 application, such as written objections from neighboring individuals and businesses who opposed that application. The court did express some concern about the relevance and weight of the evidence regarding the 1997 application; however, there is no indication that the trial court did not consider that evidence. The City has not shown that the trial court committed reversible error in its treatment of this evidence.
The City argues that the trial court erred by placing the burden of proof on the City to support its decision not to grant the license. The City argues that the burden of proof in this case is on Glenn to show that the City acted arbitrarily or capriciously in denying his license. Section 28-1-6(a)(2) states that the ABC Board cannot issue a liquor license in certain municipalities, including the City of Montgomery, unless 1) the City approves the license, or 2) the circuit court reverses the City's denial because "the municipal approval was arbitrarily or capriciously denied without a showing of one of the following:
"a. The creation of a nuisance.
 "b. Circumstances clearly detrimental to adjacent residential neighborhoods.
 "c. A violation of applicable zoning restrictions or regulations."
Clearly, the statute places the burden on the City to show that the denial is supported by one of the three situations stated in §28-1-6(a)92). Therefore, the trial court did not err in placing the burden of proof on the City.
Last, the City argues that it did prove that granting the license would create a nuisance and would be detrimental to the neighborhood. Glenn contends that granting the license would not violate any applicable zoning laws. The City argues that Glenn's application stated that his proposed lounge would accommodate 340 people and that the fire marshal limited Glenn's location to accommodate only 100 people. The City contends that this shows the creation of a nuisance. We disagree. The city incorrectly states the facts on Glenn's application. The application does not state that the lounge would accommodate 340 people; rather, the application states that the lounge would accommodate 100 people 60 people at tables, 20 people at booths, and 20 people at bar stools. Glenn's proposal complies with the fire marshal's limit of 100 people. Therefore, *Page 481 
we cannot conclude that the trial court erred by not denying the license on the basis that granting the license would create a nuisance.
The City also argues that the granting of the license would be detrimental to the adjacent residential neighborhoods. The City presented evidence indicating that a church is located next door to the lounge. Glenn presented evidence indicating that the church building has not been used for several months. The City also presented evidence indicating that several residents opposed the lounge. The City did not present evidence indicating any specific detriment to the adjaceft neighborhoods, such as estimates of increased crime or evidence of a decrease in property values. Neither did any of the opponents to the 1997 application testify at the trial. The trial court did not err by not denying the license on the basis of a detriment to the neighborhood.
We conclude that the trial court properly granted the liquor license to Glenn after resolving the cgnflicting evidence presented to it. See Simpsiridis, supra. Therefore, the judgment of the trial court is affirmed.
The appellee's request for an attorney fee on appeal is denied.
AFFIRMED.
Yates, Crawley, and Thompson, JJ., concur.
Monroe, J., concurs in the result.
Robertson, P.J., concurs in the result only.