149 So.2d 841

### J. Sherrill HANCOCK

v.

### Gene BELL, as Judge.

### 6 Div. 886.

Court of Appeals of Alabama.

Nov. 20, 1962.

Rehearing Denied Jan. 8, 1963.

J. Sherrill Hancock, Fairfield, appellant, pro se.

Frank B. Parsons, Fairfield, for appellee.

CATES, Judge.

This appeal is from a judgment in the circuit court which, appellant avers in his first assignment of error, affirmed the judgment of appellee, Recorder of the City of Fairfield, finding appellant guilty of "a direct criminal contempt" and fining him $5.00.

Code 1940, T. 37, § 597, reads in part:

"The recorder * * * may punish by fine not exceeding ten dollars and imprisonment not exceeding twenty-four hours any person in contempt of court. * * *"

There is a dispute in the evidence as to what, when, where and how the appellant's conduct was.

Code 1940, T. 7, § 1073, referring to a certiorari proceeding in the circuit court to review the regularity of an inferior court's judgment, reads:

"In any such proceeding, the return or answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue and controverted."

In Kirby v. Commissioners Court Marshall Co., 186 Ala. 611, 65 So. 163, the court, per Mayfield, J., said:

"It has been ruled by this court repeatedly that the supervisory power of a superior over an inferior legal tribunal, by means of a common-law writ of certiorari, extends only to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings. The appropriate

office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo, but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review. Town of Camden v. Bloch, 65 Ala. 236; McAllilley v. Horton, 75 Ala. 491."

 When we superimpose appellate review under Code 1940, T. 7, § 1074, upon the first review by the circuit court by way of common law certiorari, the scope left us is minuscule. Cf. City of Birmingham v. Perry, ante, p. 173, 125 So.2d 279 (excess of jurisdiction in recorder's sentencing to hard labor for contempt).

Finding no irregularity on the face of the record and considering there was evidence which would support the circuit court's not disbelieving the Recorder's return, we must affirm.

Affirmed.