The issue presented, but not reached by the court, in a prior appeal involving these same parties is squarely presented on this appeal. As stated in Dopson v. City of Oxford,340 So.2d 777, 778 (Ala. 1976):
 "The issue which the parties present by this appeal is whether the city council of the City of Oxford, Alabama, has an irrevisable discretion to grant or withhold its approval of the issuance of an on-premises liquor license by the State ABC Board in order to prevent any such license from being granted to anyone."
After its application for an on-premises liquor license was denied, the appellant filed an action for declaratory judgment against the City of Oxford, its Mayor and City Council, alleging that in an effort to keep the City of Oxford "dry," the Oxford City Council has arbitrarily refused to ratify proposed ordinances providing for a procedure to govern the submission of applications for the purpose of obtaining the consent and approval of the Oxford City Council for the issuance of on-premises liquor licenses by the Alabama Alcoholic Beverage Control Board (ABC Board); the Oxford City Council has arbitrarily and in abuse of the discretion granted by §§ 28-3-133; 134; 135, Code of Alabama 1975, refused to give their consent and approval to the issuance of an on-premises liquor license by the ABC Board to appellant; and it was the policy of the Oxford City Council to deny arbitrarily and without justification, consent and approval to all applying entities for the sole purpose of preventing the sale of liquor by the drink within the City of Oxford.
The complaint sought a declaration that §§ 28-3-133; 134; 135, supra, do not grant to the governing body of a municipal corporation an irrevisable discretion to withhold their consent and approval of the issuance of on-premises liquor licenses by the ABC Board in order to prevent the issuance of any license to any eligible applicant within the corporate limits.
After a hearing on the merits, the trial court found that, although the appellant had made proper application to the City for its approval,
 ". . . the defendants have no intention of issuing or approving any person or firm for a liquor license in Oxford unless directed by Legislative Act or Court Order. At the present time this Court is of opinion this is within their discretion as the duly elected Council and Mayor of the City of Oxford. This Court finds the law of this State as to the issuance of liquor license is stated in Paulson['s] Steerhead Restaurant, Inc. vs. Morgan, 273 Ala. 235
[139 So.2d 330] [1962], `The Court will not inquire into the motives of the members of the Municipal Council in exercising a legislative discretion, except to examine the records of the council. . . . The discretion to approve or disapprove the issuance of a restaurant liquor license, conferred on the municipal governing body by Title 29 (now 28-3-133, 134, 135) is irrevisable and is of the nature of a legislative discretion.'
". . .
 ". . . Assuming the systematic and arbitrary denial of all applicants to *Page 692 
be true, it is still within the pronouncements of the Paulson['s] Steerhead Restaurant case."
The trial court then dismissed the complaint and this appeal followed.
It is clear from the trial court's order that it believed it had no authority to revise a decision of the City in withholding approval of a liquor license even though such action was arbitrary, capricious and systematic, because of this court's holding in Paulson's Steerhead Restaurant, supra, cited in the order. That case did hold that a city's discretion in this area was "irrevisable." That holding itself, however, has, since this case was tried, been "revised." In Black v.Pike County Commission, 360 So.2d 303 (Ala. 1978), we held that § 28-3-133 as construed in Paulson's does not grant counties (nor municipalities) an irrevisable discretion to deny approval of liquor licenses. We noted that, while the scope of the state's power to regulate the sale of liquor is admittedly broader than its power to regulate an ordinary lawful business, even so, in the exercise of that power, neither the state nor local government units are exempt from constitutional limitations, whether it be the Commerce Clause, the Due Process Clause or Equal Protection Clause, citing Craig v. Boren,429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). Paulson's was overruled to the extent that it denied judicial review of violations of constitutional rights.
The appellant contends that the City withheld its approval ofall applications for the sale of liquor by the drink within the City for the sole purpose of keeping the City "dry." The trial court held that, assuming that was true, it had no authority under Paulson's to review the City's action. As previously noted in Black v. Pike County Commission, supra, arbitrary action of a local government unit in withholding its approval of a liquor license is subject to judicial review.
The judgment appealed from is reversed and the cause remanded to the trial court for its consideration consistent with the views expressed herein and in Black v. Pike County Commission, supra.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.