This case involves the denial by appellee/defendant, Pike County Commission, of appellant/plaintiff, Mary Black's application for approval of the issuance to her of a liquor license by the Alabama Alcoholic Beverage Control Board pursuant to Code 1975, § 28-3-133. The trial court refused, in a declaratory judgment action, to declare the Commission's action unconstitutional. We affirm.
This is the second time this case has been before this court. See Black v. Pike County Commission (Black I), 360 So.2d 303
(Ala. 1978). In the first appeal, the trial court had granted summary judgment in favor of the Commission and against Black. The trial court had entered summary judgment on grounds thatPaulson's Steerhead Restaurant, Inc. v. Morgan, 273 Ala. 235,139 So.2d 330 (1962), construed Code 1975, § 28-3-133 (then Tit. 29, § 13, Code of Alabama 1940) to grant to the County Commission the irrevisable discretion to deny approval of liquor licenses. We revised Paulson's to the extent it denied judicial review of a County Commission's exercise of its discretion concerning the approval of liquor licenses, and reversed the trial court on the ground there was a scintilla of evidence the Commission acted arbitrarily. The case was remanded to the trial court and Black was afforded a hearing on her action seeking declaratory judgment that Code 1975, §28-3-133 is unconstitutional, under the state and federal constitutions, both on its face and in the Commission's application of it to the facts of her case. The trial court ruled to the contrary and Mrs. Black perfected this appeal.
Black contends in this appeal, as she did before the trial court, that § 28-3-133 is unconstitutional on its face and that the Commission acted arbitrarily and capriciously in its application of § 28-3-133 to her case. We disagree.
Black applied to the Commission for its approval of the issuance to her of a liquor license by the ABC Board as provided by § 28-3-133. A local preacher, Reverend Loard, requested that the Commission delay its vote on the application for a week; such delay was granted. Black was informed of the date of the Commission meeting at which her application would be acted upon. At that meeting Black was present along *Page 257 
with Reverend Loard and several residents of the district of the county in which Mrs. Black sought to sell liquor if a license was issued to her. Reverend Loard presented a petition to the Commission of citizens who opposed approval of the grant of a liquor license to Black. Black requested the Commission to delay action on her application for one or two weeks so that she could prepare a petition in her own behalf. Black's request was granted. She then obtained a petition in support of approval of a license being issued to her. The Commission, at a regular meeting on 26 May 1976 at which she was present, accepted her petition, discussed whether to approve issuance of a license to her, then denied her application.
Upon remand, after reversal of the summary judgment entered against her, Black was given a full trial on the merits before the trial court without a jury. At that trial, the salient facts before the court were that the Commission usually follows the vote of the district commissioner in whose district the business is located for which approval of the license is sought; however, there is no rule requiring the other commissioners to vote in this manner. As previously mentioned, several local residents, led by Reverend Loard, opposed approval of the grant to Black of a liquor license and presented a petition from citizens of the local community opposing approval of the grant of a license.
The evidence disclosed that Graham, commissioner for district three in which Black's business was located, voted against the application and the other commissioners followed his lead. Neither Graham nor the Commission had any established prerequisites or standards for determining the approval or disapproval of the issuance of liquor licenses.
It is not clear from the evidence what the precise reason was for denying Black's application. Apparently, one major reason for disapproval was the petition against approval filed by the local residents. However, there was also evidence that Black's restaurant was jointly owned and operated by her husband who had been charged, convicted, and fined for possession of untaxed wine. Black testified the wine had been bought in cases by her husband and was kept for sale in their home.
Graham was the only commissioner who testified at the trial. He testified that, after considering both petitions, it was his conclusion that approval of Black's license would not be beneficial to the community, but would be injurious to it; therefore, he voted against approval. He further testified that in exercising his judgment he took into consideration all the facts before him. He also testified that the other commissioners were free to vote as they chose and to exercise their own judgment.
In Black I we modified the prior Alabama case of Paulson's
and held that decisions of county commissions in denying liquor licenses are subject to judicial review and further that such commissions do not have irrevisable discretion to deny approval. We reiterated this position in Inn of Oxford, Inc. v.City of Oxford, 366 So.2d 690 (Ala. 1979). If the applicant can prove the commission acted arbitrarily then its decision can be reversed; however, the burden of proof is on the applicant.Black I, supra. In reaching the decision in Black I and in Innof Oxford, we recognized, and noted, that the State's power to regulate the sale of liquor is much broader than its power to regulate an ordinary lawful business. See Joseph E. Seagram Sons, Inc. v. Hostetter, 384 U.S. 35, 86 S.Ct. 1254,16 L.Ed.2d 336 (1966); Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13,34 L.Ed. 620 (1890). See also, Powell v. State, 69 Ala. 10
(1881). Possession of this broad regulatory power makes §28-3-133 constitutional on its face.
In this case we cannot find any evidence that would support the conclusion that the Commission acted arbitrarily or capriciously in denying Black's application. She was granted full opportunity to be heard before the Commission; furthermore, she had a trial on the merits before a capable judge. The evidence before the trial court disclosed ample reasons for denial of Black's application. The fact that Black's *Page 258 
husband, who operated the business for which the liquor license was sought, had been convicted of possession of untaxed wine, kept for sale, was sufficient reason in itself for denying the application. The trial court heard the evidence ore tenus; its findings are supported by credible evidence, and are not clearly erroneous or manifestly unjust. We will not, therefore, reverse its judgment. American Benefit Life Insurance Co. v.Ussery, 373 So.2d 824 (Ala. 1979).
Accordingly, the judgment of the circuit court must be, and is, hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.