Appeal from the denial of an application for a lounge retail liquor license. We affirm.
Harrelson operated a grocery business in the Carolina Community of Covington County at the intersection of Highway 29 and County Road 31, about five miles south of Andalusia. He made application to the town council of Carolina for a lounge retail liquor license. In due course the council held a hearing, following which it unanimously denied the application. Harrelson then filed in the circuit court of Covington County his petition for a writ of mandamus directed to the Carolina town council. A hearing was held on the petition after which, on December 1, 1981, the trial court denied relief. Harrelson's motion for a new trial was subsequently denied, and he appealed.
In Black v. Pike County Commission, 375 So.2d 255 (Ala. 1979), we reiterated the polestar requirement of an unsuccessful applicant who wishes to reverse the local issuing authority's denial of a liquor license: the burden is upon the applicant to show that the denial was arbitrary or capricious. Harrelson maintains that the evidence below establishes just that. *Page 592 
The record of the hearing in the trial court discloses that the individual members of the Carolina council restated their original reasons for disapproving Harrelson's application. One councilperson testified that it was a busy intersection in front of the store, that there had been several wrecks there with people hurt and almost killed; that the school bus ran on both roads; he also indicated concern about school children and possible increased harm to them from increased traffic due to the proximity of whiskey.
Another councilperson testified that the intersection was dangerous, although he could not recount the number of wrecks occurring there within the past five years, or within the past year. Still another council member testified to his concern about young people frequenting a skating rink located about a mile from Harrelson's place of business, and the potential danger to young people using the road. This council member also mentioned the use of farm equipment and the school bus on the road as having been factors discussed and considered at the council meeting.
Another member of the council, although agreeing with the reasons expressed by the others, also believed that Harrelson's place was too close to his church, about one and one-quarter miles.
The evidence disclosed that the council hearing lasted from forty-five minutes to one hour, that it was an open meeting, and was attended by several other citizens, at least two of whom spoke against issuing the license.
Harrelson himself testified, recounting his version of the reasons expressed by the council when it denied his application, and generally taking issue with the factual bases entertained by the individual council members.
We are clear to the conclusion that the petitioner has failed to carry his burden of showing that the council acted arbitrarily or capriciously in denying his application. The fact that some of their factual premises might have been erroneous, or that some considerations might have weighed heavier with some of the council members than others, does not make their decision whimsical or unfounded. Indeed, it would appear from the record that considerations of public safety, in view of the possibility of increased highway traffic in the vicinity, were significant to the council in reaching that decision. Such considerations being present, it was not error for the trial court to conclude that arbitrariness was not present in the council's decision. When the testimony is presented ore tenus, the trial court's findings and conclusions thereon are given the same weight as the verdict of a jury, and will not be disturbed unless palpably wrong. Goodall v.Ponderosa Estates, Inc., 337 So.2d 726 (Ala. 1976).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.