BEATTY, Justice.
This is an appeal from a judgment for the defendant, Town of Vincent (Town), in the plaintiffs’ action for a declaratory judgment on plaintiffs’ application to the Town fór a liquor license.
Plaintiffs, John and Ruby Hamilton, own and operate Tony’s Recreational Club (Club), which is located within the corporate limits of Vincent in Shelby County. The Club, operated since 1979, has a license to sell beer.
The Hamiltons applied to the Town council for a Class 2 (lounge) liquor license. At least one of the Hamiltons appeared before the Town council at three successive meetings requesting the license. At the second meeting, John Hamilton submitted to the council a petition signed by a number of citizens who stated that they had no objection to the licensing of his premises for liquor. At the third council meeting, Hamilton submitted his formal application. A motion was made by one of the councilmen to grant the application, but the motion died for want of a second.
Hamilton filed the present action for a declaratory judgment in circuit court, requesting a finding that the council had wrongfully denied his application in that the denial was arbitrary and capricious. The trial court held a hearing without a jury and, after notifying the parties, also took a view of the premises and the surrounding area. Following the hearing, the trial court found that the denial of the license was not arbitrary or capricious and upheld the denial. Plaintiffs appealed.
Part of the evidence adduced at the hearing concerned the nature of the neighborhood in which the Club is located. The Hamiltons' evidence tended to show that the neighborhood was rural and sparsely populated. Other evidence, however, disclosed that at least 50 homes were located within one-half mile of the Club and that the Hamiltons operated a privately-owned baseball field located near the Club. The testimony regarding the distance of the field from the Club ranged from 150 feet to *147 a few (city) blocks. Conflicting testimony was also introduced as to whether children used this baseball field. It was also shown that a cafe was located near the Club and that this cafe had a gameroom frequented by children.
The Hamiltons argue on appeal that the Town council did not discuss the application with John Hamilton at any of the meetings he attended. It is shown, on the other hand, that the Hamiltons were unfettered in their opportunity to present witnesses and reasons in favor of the license they sought. Nothing in the record before us suggests any denial of their opportunity to speak or present other evidence. Moreover, it is shown by the record that the council did discuss and consider several relevant matters before the motion was made to grant the license. Among these were the problem of police protection when the Town had only one police officer on weekend duty; the residential nature of the neighborhood; the presence of children; and a prior suspension of the Hamiltons’ beer license for possession of liquor on the premises.
Although the Hamiltons maintain that the trial court committed error by taking the view of the premises and surrounding area, they made no objection to that action and, for aught that appears from the record, may have been present themselves, the Court having given them notice of its intentions. See generally, C. Gamble, McElroy’s Alabama Evidence, § 208.02 (3d ed. 1977), and Fowler v. Fayco, 290 Ala. 237, 275 So.2d 665 (1973), for the authority of the trial court, in its discretion, to take a view in a non-jury case. We cannot predicate reversible error upon such a decision by the trial court.
The trial court, after considering the evidence presented at the hearing, and after taking the view of the premises, found that the denial of the liquor license was not arbitrary or capricious. Under the evidence, that finding was not palpably wrong. Goodall v. Ponderosa Estates, Inc., 337 So.2d 726 (Ala.1976). The Hamil-tons failed to carry their burden of showing arbitrariness or capriciousness. Harrelson v. Glisson, 424 So.2d 591 (Ala.1982).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.