ROBERTSON, Presiding Judge,
dissenting.
Sections 28-3A-11 through 28-3A-13, Ala.Code 1975, permit the Alabama Alcoholic Beverage Control Board to issue a club liquor license with respect to premises inside a municipality where the applicant has obtained the consent and approval of the municipality to the issuance of such a *725 license. Although there is no statutory right of appeal from the denial of such consent and approval, except that permitted with respect to municipalities of Classes 1, 2, and 4, as defined in § 11-40-12(a), Ala.Code 1975,[1] the Alabama Supreme Court has held that any arbitrary action on the part of the municipality in denying such consent is subject to judicial review. Inn of Oxford v. City of Oxford, 366 So.2d 690 (Ala.1978).. I therefore agree with the main opinion that the proper standard of review is whether the city council’s denial of consent with respect to Woods’s application was arbitrary or capricious. See Hamilton v. Tovm of Vincent, 468 So.2d 145, 147 (Ala.1985).
However, I agree with the trial court “that the law does not allow [it] to substitute [its] judgment of that of a newly-elected council” and that the city council did not act in an arbitrary or capricious manner. In reversing the city council’s decision to deny consent to the issuance of a liquor license to Woods, the main opinion has undertaken precisely the same “substitution” prohibited to reviewing courts. Therefore, I respectfully dissent.
CRAWLEY, J., concurs.

. Trussville is a Class 8, not a Class 7, municipality under Alabama law because (1) its 1970 census population is less than 6,000 persons (§ 11 — 40—12(a)); and (2) no legislative act requires the use of more recent census data (compare Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985), where the use of 1980 census figures was expressly mandated by the pertinent substantive statute).