PER CURIAM.
Minesaha, Inc., d/b/a Exprezit ("Minesaha"), appeals from a judgment entered by the Houston Circuit Court ("the circuit court") dismissing its action against the Town of Webb ("the town"). We reverse the judgment and remand this cause for further proceedings.
Background
On June 6, 2016, Minesaha filed a complaint against the town in the circuit court. In its complaint, Minesaha alleged, in relevant part:
"3. This complaint is brought pursuant to Ala. Code 1975[,] § 28-3A-11,[1 ] and seeks reversal of the [town]'s denial of a *892 retail liquor license applied for by [Minesaha].
"4. On April 12, 2016, [Minesaha] applied for a Lounge Retail Liquor License-Class II[2 ] by filing an application to the State of Alabama Alcoholic Beverage Control Board. The purpose of this license was to allow [Minesaha's] store ... to operate as a package liquor store.
"5. Between April 12, 2016[,] and May 23, 2016, the Police Chief of the [town] posted surveys throughout the town asking citizens if they felt [that Minesaha's] gas station should be granted a license to sell liquor. The majority of responses to said survey were in favor of the license being granted.
"6. On or about April 18, 2016, representatives of [Minesaha] attended a city council meeting in [the town]. ( [Minesaha] is owned and operated by immigrants from India.) At said meeting, or shortly after said meeting, representatives of [Minesaha] were told that the [town] would deny the application due to [Minesaha's] owners['] and operators['] race and national origins. More specifically[,] that there was worry of [Minesaha]'s owners and operators 'taking over' the town.
"7. On May 23, 2016[,] the [town] held a city council meeting in which the city council voted 5-0 in favor of denying [Minesaha's] application. Multiple council members declined to give [a] reason as to the denial.
"8. That the [town] has denied [Minesaha's] application to sell liquor arbitrarily and without good cause.
"9. [Minesaha] now seeks judicial review of the [town]'s decision in denying the application in accordance with Ala. Code 1975[,] § 28-3A-11.
"WHEREFORE, PREMISES CONSIDERED, [Minesaha] requests this Honorable Court issue an Order against [the town], reversing the [town]'s denial of [Minesaha's] application for [a] license to sell liquor, and Order the [town] to issue [Minesaha] a Lounge Retail Liquor License Class II (Package)."
(Emphasis added.)
The town moved to dismiss Minesaha's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that, based on the facts alleged in its complaint, Minesaha could not obtain the relief that it had requested because, the town said, § 28-3A-11, Ala. Code 1975, "is applicable only to the Alcoholic Beverage Control Board" and does not grant the town the power to issue liquor licenses. Instead, the town argued, " 'its consent and approval' is a necessary condition for the ABC Board to be required to issue a liquor license under this section." (Quoting § 28-3A-11.) The town attached to its motion as "Exhibit A" a copy of § 28-3A-11 but did not present to the circuit court any matters that were outside Minesaha's complaint.[3]
*893 Nevertheless, the circuit court subsequently entered an order scheduling a hearing regarding the town's "motion to dismiss, or in the alternative summary judgment," a transcript of which is not included in the record. Minesaha thereafter filed a response to the town's "motion for summary judgment," in which it argued: "[ Section 28-3A-11 ] is not the only grounds alleged in [Minesaha]'s complaint. [Minesaha] also raise[d] constitutional questions of due process and equal protection within its complaint." Minesaha further argued that "the decision of the [town] in denying an application for a liquor license is subject to judicial review[,] and is reversible if it is shown that the [town] acted arbitrarily in denying the application for a liquor license," citing, among other cases, Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690, 692 (Ala. 1978) (explaining that "arbitrary action of a local government unit in withholding its approval of a liquor license is subject to judicial review"), in support of its argument. In light of the foregoing, Minesaha asked that it be permitted to "amend [its] complaint to seek [a] petition for [the] Writ of Certiorari in this matter."
The town filed a "reply brief to [Minesaha]'s response and memorandum in support of its motion to dismiss," in which it essentially elaborated upon the position set forth in its motion to dismiss and asserted that the town's decision had been "based on public safety concerns and the various respondents' opposition to the application." The town also argued: "[Minesaha] is bound by [its] complaint. Because the only available method of judicial review with regard to denial of a liquor license is by common law of writ of certiorari, the Complaint fails."
Minesaha thereafter filed an amended complaint, which was substantially identical to its original complaint, with the exception of the following changes made to the final paragraphs:
"9. [Minesaha] now seeks judicial review of the [town]'s decision in denying the application in accordance with the laws of the State of Alabama.
"WHEREFORE, PREMISES CONSIDERED, [Minesaha] requests this Honorable Court grant [Minesaha] a bench trial on this matter, issue an Order against the [town], reverse the [town]'s denial of [Minesaha's] application for license to sell liquor, and Order the [town] to reconsider [Minesaha's] application at a public hearing."
(Emphasis added.)
On September 21, 2016, the circuit court entered a judgment that provided, in its entirety:
"This case comes before the Court as a result of the denial of a Lounge Retail Liquor License-Class II by the [town].
"[Minesaha] alleges that the decision of the [town] to deny the application was capricious and arbitrary and [that Minesaha] was discriminated against because its owners were of Indian origin. The [town] filed a Motion to Dismiss pursuant to Rule 12(b) [, Ala. R. Civ. P.].
"The [town] under its Charter has broad discretion to approve or disapprove the issuance of a liquor license within City limits. The Court must consider and review the allegations most strongly in the proponent's favor if there is any possibility that the pleader could prove circumstances that would entitle it to relief.
"[Minesaha] comes to the Court without any showing that it can prove facts in support of the claim that would entitle [it] to relief. Counsel's arguments are simply arguments without underlying proof. Common Law Writ of Certiorari would be the proper method to challenge the ruling; however, it matters not how *894 the Court receives the case. The Court can consider the merits of the case in this format. [Minesaha] was unable to clearly define any circumstances where it could possibly prevail at further hearing.
"[The town]'s Motion to Dismiss is granted."
Minesaha filed a notice of appeal on October 28, 2016. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. Our supreme court then transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. See Atlantis Entm't Grp., LLC v. City of Birmingham, 231 So.3d 332 (Ala. Civ. App. 2017). On appeal, Minesaha argues that the circuit court erroneously dismissed its complaint, that it "erred in denying Minesaha a preliminary hearing on the town's motion to dismiss [at] which evidence would have been presented, and [that it] improperly used the standard for a motion for [a] summary judgment."
Analysis
We first consider the standard by which the circuit court was obligated to review the town's decision regarding Minesaha's liquor-license application so that we may properly ascertain the standard by which this court should review the circuit court's judgment. "Under Alabama law, specifically § 110 of the Alabama Constitution of 1901 and Ala. Code 1975, § 11-40-12(a), municipalities are generally classified into eight 'classes' based upon their 1970 federal census populations." Phillips v. City of Citronelle, 961 So.2d 827, 830 (Ala. Civ. App. 2007). Sections 28-1-6(a)(2) and (b)(2) and 28-1-7(c), Ala. Code 1975, provide for "expedited de novo proceedings heard by a circuit judge without a jury" regarding denials of approval of liquor-license applications by only class 1, class 2, and class 4 municipalities, respectively. "Where there is no statutory right of direct appeal from a local government's decision to deny an application for a liquor license, the only proper method of judicial review is by the common-law writ of certiorari." Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 n.3 (Ala. 2006). The town's population as measured by the 1970 federal census was 354 persons (see Ala. Code 1940 (Recomp. 1958), vol. 14B, p. 1437). Thus, under § 11-40-12(a), Ala. Code 1975, the town is a class 8 municipality to which neither § 28-1-6 nor § 28-1-7 applies, and the only manner by which the circuit court could have reviewed the town's decision regarding Minesaha's liquor-license application was upon a petition for the common-law writ of certiorari. See Phillips, 961 So.2d at 830.
Although Minesaha did not style its complaint or its amended complaint as a petition for the common-law writ of certiorari, Minesaha specifically requested in its response to the town's "motion for summary judgment" that the circuit court treat its complaint as a petition for the writ of certiorari and generally requested "judicial review of the [town]'s decision in denying the application in accordance with the laws of the State of Alabama" in its amended complaint. See § 6-6-640(a), Ala. Code 1975[4] ("All applications for ... certiorari ... shall be commenced by petition *895 ...; [a]ny of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice ...; and ... the court shall award the relief, if any, to which the petitioner is entitled."). Furthermore, although the standard by which it reviewed Minesaha's complaint is not entirely explained by the language used in its judgment, the circuit court expressly acknowledged that a petition for the common-law writ of certiorari was the proper vehicle to request judicial review of the town's decision. See Sanders v. City of Dothan, 642 So.2d 437, 440 (Ala. Civ. App. 1994) (reviewing an "appeal" to the circuit court and noting that, "notwithstanding the manner in which [the plaintiff]'s action in the circuit court was styled, she argued to the trial judge that her case was to be treated as a petition for a writ of certiorari, and the judge agreed"); see also Robinson v. State, 12 So.3d 58, 59-60 (Ala. 2008) (holding that a circuit court had correctly "converted [an] action seeking a declaratory judgment to a petition for the writ of certiorari").
We conclude that Minesaha's complaint should properly be viewed as a petition for the common-law writ of certiorari, and the primary inquiry on appeal is therefore whether the circuit court correctly dismissed Minesaha's petition under the standards applicable to such proceedings. See Atlantis Entm't Grp., 231 So.3d at 341 (" ' " ' "This court's scope of appellate review [of a judgment entered on a petition for the writ of certiorari] is the same as that of the circuit court." ' " ' " (quoting Franks v. Jordan, 55 So.3d 1218, 1221 (Ala. Civ. App. 2010), quoting in turn Holland v. Pearson, 20 So.3d 120, 122 (Ala. Civ. App. 2008), quoting in turn South Alabama Skills Training Consortium v. Ford, 997 So.2d 309, 324 (Ala. Civ. App. 2008), quoting in turn Colbert Cty. Bd. of Educ. v. Johnson, 652 So.2d 274, 276 (Ala. Civ. App. 1994) ).
In its petition, Minesaha alleged that the town "arbitrarily" denied approval of its liquor-license application on the basis of Minesaha's owners' and operators' "race and national origins." Citing, among other cases, Hamilton v. Town of Vincent, 468 So.2d 145 (Ala. 1985) ; Black v. Pike County Commission, 375 So.2d 255 (Ala. 1979) ; Inn of Oxford, supra ; and Phillips, supra, Minesaha argues on appeal that its "allegations suffice to make a claim that the [t]own's denial was based upon arbitrary and improper reasons and are subject to judicial review." We agree.
" 'A municipality has the "broad" discretion to approve or disapprove the issuance of liquor licenses with respect to locations within the municipality. See § 28-3A-11, Ala. Code 1975; Ott v. Everett, 420 So.2d 258, 260 (Ala. 1982). However, the decision of the municipality in denying an application for a liquor license is subject to judicial review and is reversible if it is shown that the municipality acted arbitrarily in denying the application for a liquor license. See Black v. Pike County Comm'n, 375 So.2d 255 (Ala. 1979) ; Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690 (Ala. 1978) ; see also Hamilton v. Town of Vincent, 468 So.2d 145, 147 (Ala. 1985) (affirming trial court's judgment after finding that the liquor-license applicant had failed to carry burden of showing arbitrary and capricious action by licensing authority).'
" Phillips v. City of Citronelle, 961 So.2d 827, 829 (Ala. Civ. App. 2007)."
Atlantis Entm't Grp., 231 So.3d at 341.
[W]hile the scope of the state's power to regulate the sale of liquor is admittedly *896 broader than its power to regulate an ordinary lawful business, even so, in the exercise of that power, neither the state nor local government units are exempt from constitutional limitations, whether it be the Commerce Clause, the Due Process Clause or Equal Protection Clause."
Inn of Oxford, 366 So.2d at 692. "[T]he Equal Protection Clause 'ensures the right to be free from intentional discrimination based on race.' " Ex parte City of Bessemer, 142 So.3d 543, 553 (Ala. 2013) (quoting Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1282 (11th Cir. 2008) ). See also Black v. Pike Cty. Comm'n, 360 So.2d 303, 304 (Ala. 1978) (holding that a county commission's denial of approval of a liquor-license application was subject to judicial review because "[t]he complaint allege[d] that [the plaintiff] [wa]s denied due process and equal protection of the law under both state and federal constitutions because the County Commission arbitrarily and capriciously denied her application for a restaurant liquor license").
As noted above, the town filed a motion to dismiss Minesaha's petition pursuant to Rule 12(b)(6), Ala. R. Civ. P. Rule 81, Ala. R. Civ. P., which describes the general applicability of the Alabama Rules of Civil Procedure, states, in relevant part: "(a) Proceedings Controlled by Statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute: ... (19) Mandamus, prohibition, certiorari and other remedial writs of a supervisory nature." (Emphasis added.) The Committee Comments on 1973 Adoption of Rule 81 refer practitioners to Ala. Code 1940, Tit. 7, §§ 1072-1080, the pertinent provisions of which are now located in §§ 6-6-640 through 6-6-642, Ala. Code 1975, for an explanation of the appropriate procedure to be followed regarding petitions for remedial writs.
Regarding the effect of those provisions, § 6-6-642, states, in relevant part:
"The common law, as now in force in this state, touching any of the matters embraced in this article, is not repealed, but left in full force, the true intent and meaning of this article being to provide a plain, more speedy, and less expensive mode of procedure in all cases to which it applies ...."
Section 6-6-640 specifically sets forth the "plain ... mode of procedure" described in § 6-6-642 and provides, in relevant part:
"(a) All applications for mandamus, prohibition, certiorari, or other remedial writ of a supervisory nature shall be commenced by a petition, verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of, and any defendant may answer as to all such matters as may be necessary to his defense ....
"(b) In any such proceeding, the answer shall not be conclusive, but the truth or sufficiency thereof may be put in issue and controverted."
The town did not file an answer refuting Minesaha's allegations but asserted in its "reply brief to [Minesaha]'s response and memorandum in support of its motion to dismiss" that it had denied approval of Minesaha's liquor-license application "based on public safety concerns and the various respondents' opposition to the application." Our supreme court has explained that, when reviewing "[an] action of the circuit court in dismissing [a] petition for common-law certiorari," "[i]t is the general rule that all material facts which are well alleged in the petition, and not denied or put in issue by the answer, must be taken as true." H.H. Hitt Lumber Co. v. Turner, 187 Ala. 56, 58, 61, 65 So. 807, 808, 809 (1914). Thus, based on the principle articulated in H.H. Hitt Lumber, the *897 circuit court was obligated to take Minesaha's allegations as true because the town did not deny those allegations in an answer. To the extent that the town's assertion regarding the "public safety concerns" underlying its decision that was proffered in its "reply brief" can be construed as a procedurally sufficient refutation of Minesaha's allegations, i.e., an answer under § 6-6-640(a), we note that § 6-6-640(b) forecloses a determination by the circuit court that such a refutation conclusively established the nonexistence of factual support for Minesaha's allegations.
In other words, the issue whether Minesaha's allegations were true was not resolved by the record in this case. See Hancock v. Bell, 41 Ala.App. 673, 674, 149 So.2d 841, 842 (1962) (citing the precursor to § 6-6-640(b) and noting: "There is a dispute in the evidence as to what, when, where and how the appellant's conduct was."). Because Minesaha's allegations, if true, demonstrate that the town unconstitutionally discriminated against Minesaha by denying approval of its liquor-license application on the basis of race and national origin, the circuit court's judgment dismissing Minesaha's petition was reversible error, and this cause is due to be remanded for further proceedings.
Because we are reversing the circuit court's judgment granting the town's motion to dismiss, we pretermit any discussion regarding Minesaha's arguments that the circuit court "erred in denying Minesaha a preliminary hearing on the town's motion to dismiss [at] which evidence would have been presented, and [that it] improperly used the standard for a motion for [a] summary judgment." See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala. Civ. App. 2005).
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.
Thomas, J., concurs specially, with writing.
THOMAS, Judge, concurring specially.
In June 2016, Minesaha, Inc., d/b/a Exprezit ("Minesaha"), initiated an action in the Houston Circuit Court ("the circuit court") against the Town of Webb ("the town") seeking judicial review of the town's decision to deny approval of Minesaha's liquor-license application. The town subsequently moved to dismiss Minesaha's complaint, and the circuit court thereafter entered a judgment granting the town's motion. Minesaha timely appealed the circuit court's judgment to this court, we transferred the appeal to the supreme court, and the supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala. Code 1975. The main opinion reverses the circuit court's judgment and remands this action for further proceedings. I fully concur in the main opinion for the reasons discussed therein. I write specially to provide guidance to the circuit court and the parties regarding the state of the law as it relates to proceedings on petitions for the common-law writ of certiorari initiated in circuit courts.
"Certiorari at common law was an original writ issued out of a superior, to an inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority." Ex parte Hennies, 33 Ala.App. 377, 379, 34 So.2d 22, 23 (1948).
"It was clearly pointed out in the case of St. John et al. v. Richter et al., 167 Ala. 656, [660-61,] 52 So. 465, 466 [ (1910) ], that: 'A return to the writ of certiorari issued should have been made or required, or an adequate reason shown why it was not made, before dismissing *898 the petition or quashing the writ. The proper rule and practice in such cases has been thus stated: "The return is a prerequisite to any review to be undertaken by the court out of which the writ issues; and, until it is made, the court will not render any judgment or make any order except for the purpose of enforcing obedience to the writ and compelling the making of a return." 4 Ency. Pl. & Pr. p. 212, par. 2; People v. McCraney, 21 How. Pr. 149 [ (1861) ]. ' "
Byars v. Town of Boaz, 229 Ala. 22, 26, 155 So. 383, 386 (1934). "The return [to the writ] should consist of a full and complete transcript of the record or proceedings sought to be reviewed if the writ so orders ...." Cook v. Court of Cty. Comm'rs of Walker Cty., 178 Ala. 394, 397, 59 So. 483, 484 (1912). Moreover, "[t]he return should, of course, be responsive to the writ and should fully answer the allegations in the petition for the writ." Id.
Minesaha alleged in its petition that it attended a city-council meeting on April 18, 2016, and that, "[a]t said meeting, or shortly after said meeting, representatives of [Minesaha] were told that the city would deny the application due to [Minesaha]'s owners['] and operators['] race and national origin. More specifically that there was worry of [Minesaha]'s owners and operators 'taking over' the town." Minesaha also alleged that the town denied approval of its application at a May 23, 2016, city-council meeting. Presumably, the town keeps and maintains minutes or other records of its city-council meetings. See, e.g., Personnel Bd. for Mobile Cty. v. Bunkley, 255 Ala. 299, 301, 51 So.2d 368, 370 (1951) ("It may be assumed that there is a general obligation upon the Personnel Board to keep some correct record of the proceedings of its meeting. It is generally held that the minutes of such meetings, properly transcribed and authenticated, are sufficient for that purpose.") On remand, the circuit court should therefore issue the common-law writ of certiorari to the town, and the town's return to the writ should consist of full and complete minutes or records of the April 18, 2016, and May 23, 2016, city-council meetings referenced in Minesaha's petition or an adequate reason explaining why records were not made. After a review of the records or transcripts, " '[t]he only matter to be determined is the quashing, or affirmation, of the proceedings brought up for review.' " Fox v. City of Huntsville, 9 So.3d 1229, 1234 (Ala. 2008) (quoting Jefferson Cty. v. Berkshire Dev. Corp., 277 Ala. 170, 168 So.2d 13, 16 (1964) ).
Regarding whether Minesaha is entitled to an evidentiary hearing regarding its allegations, I note that, in Sanders v. City of Dothan, 642 So.2d 437, 440 (Ala. 1994), our supreme court reiterated that " '[t]he standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence.' Parker v. Reaves, 531 So.2d 853[, 854] (Ala. 1988)." In so doing, it also noted that, "[o]n certiorari review, the scope of the trial court's inquiry is restricted to the record made before the [town]." Id. at 440 n.4 (citing Ex parte City of Tuskegee, 447 So.2d 713, 715 (Ala. 1984), and City of Dothan Pers. Bd. v. Herring, 612 So.2d 1231, 1232 (Ala. Civ. App. 1992) ). Furthermore, as noted in the main opinion, the town is a Class 8 municipality, and the legislature has not provided applicants with a statutory right to challenge a Class 8 municipality's denial of approval of their liquor-license applications through de novo proceedings in circuit courts. See §§ 28-1-6 and 28-1-7, Ala. Code 1975 (pertaining to Class 1, Class 2, and Class 4 municipalities); see also Weill v. State ex rel. Gaillard, 250 Ala. 328, 334, 34 So.2d 132, 138 (1948) ("The maxim 'expressio unius est exclusio *899 alterius,' though not a rule of law, is an aid to construction. It has application when, in the natural association of ideas, that which is expressed is so set over by way of contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment."), and Brock v. Herd, 187 So.3d 1161, 1164 (Ala. Civ. App. 2015) (" ' " '[I]t is not the office of the court to insert in a statute that which has been omitted[;] ... what the legislature omits, the courts cannot supply.' " ' " (quoting Ex parte Christopher, 145 So.3d 60, 66 (Ala. 2013), quoting in turn Pace v. Armstrong World Indus., Inc., 578 So.2d 281, 284 (Ala. 1991), quoting in turn 73 Am. Jur. 2d Statutes § 203 (1974) )).
Furthermore, caselaw considering a circuit court's certiorari review of a local government's decision regarding a liquor-license application has not expressly decided whether a circuit court may properly consider evidence outside the existing transcript or record. See Atlantis Entm't Grp., LLC v. City of Birmingham, 231 So.3d 332, 340-41 (Ala. Civ. App. 2017) (holding that a circuit court had properly reviewed a city council's rescission of approval of a liquor-license application "pursuant to the standard applicable to a petition for the writ of certiorari" but noting that the circuit court had received testimony at an evidentiary hearing); Phillips v. City of Citronelle, 961 So.2d 827, 830, 829 (Ala. Civ. App. 2007) (holding that the circuit court's review was limited by the "common-law authority to issue writs of certiorari" but noting that the circuit court had considered "testimony and evidence"); but see Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 (Ala. 2006) ("[T]he parties stipulated, and the ... [c]ircuit [c]ourt ordered, that the proper method of judicial review of the City's denial of the liquor license was by way of a petition for a common-law writ of certiorari and that Phase II's petition was to be decided based on the certified record presented to the city council."); Sanders, 642 So.2d at 440 (holding that the circuit court had properly reviewed an action as a petition for the common-law writ of certiorari and noting that "the [circuit] court had before it a certified copy of the minutes of the relevant meetings of the board of commissioners, as well as audio tapes of the meetings"); and Montgomery City Council v. G & S Rest., 98 So.3d 1, 2 (Ala. Civ. App. 2011) (reviewing a circuit court's judgment regarding a petition for the writ of certiorari and noting that "[t]he circuit court reviewed the record made before the Council").
However, in City of Jasper v. Civil Service Board of City of Jasper, 677 So.2d 761 (Ala. Civ. App. 1995), this court reviewed a circuit court's judgment upholding a decision of the Civil Service Board of the City of Jasper restoring a police officer to his position, and, in so doing, we noted an "exception" to the generally limited scope of certiorari review, stating:
" '[T]his court's review is ... based on a review of the record made before the Board and we look only to see if its findings are supported by substantial evidence.' Guthrie v. Civil Service Board of City of Jasper, 342 So.2d 372, 375 (Ala. Civ. App. 1977). An exception exists, however, where a party attempts to show that the Board's action denied him due process and 'boards, as well as courts, must observe that fundamental right. And this may be shown by evidence not included in the transcript of the proceedings before the Board.' Ex parte King, 364 So.2d [318,] 318 (Ala. 1978)."
Id. at 764. In reversing this court's decision in *900 Board of Dental Examiners v. King, 364 So.2d 311 (Ala. Civ. App. 1977), our supreme court explained in Ex parte King:
"We agree that [ § 34-9-25, Ala. Code 1975,] does not permit a de novo hearing in the circuit court. However, a dentist disciplined by the Board has a clear right to show by the evidence that the Board's action denied him due process. All boards, as well as courts, must observe that fundamental right. See Katz v. Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala. 1977). And this may be shown by evidence not included in the transcript of the proceedings before the Board. We cannot agree with the Court of Civil Appeals in holding that the statute precludes the introduction of independent or extraneous evidence in the circuit court to establish a claim that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process."
364 So.2d 318, 318 (Ala. 1978).
Furthermore, although it does not simultaneously address the scope of review under petitions for the common-law writ of certiorari, our supreme court's caselaw establishing the right to judicial review of a local government's denial of a liquor-license application seemingly emphasizes the importance of an adequate opportunity to demonstrate the existence of constitutional deprivations. For instance, in Black v. Pike County Commission, 360 So.2d 303, 306, 304 (Ala. 1978) (" Black I"), our supreme court reversed a circuit court's judgment upholding a county commission's denial of approval of a liquor-license application and remanded the action "for further proceedings," noting that "[c]onstitutional questions were presented which necessitate[d] further development of the facts." In Black v. Pike County Commission, 375 So.2d 255, 257 (Ala. 1979) (" Black II"), our supreme court ultimately upheld the county commission's decision, after noting that the applicant had been given "a full trial on the merits before the trial court without a jury." In Inn of Oxford, Inc. v. City of Oxford, 366 So.2d 690, 692 (Ala. 1978), our supreme court reaffirmed the principle articulated in Black I and reversed a circuit court's judgment dismissing the liquor-license applicant's complaint in which it had sought a judgment declaring that the city in that case did not have "irrevisable discretion" to withhold approval of liquor-license applications. In so doing, the supreme court acknowledged that the circuit court had previously conducted a "hearing on the merits" and placed no limitations on the evidence that the circuit court could consider on remand. Id. at 691.
Acknowledging the difficulty existing in the state of the law regarding the proper scope of judicial review under petitions for the common-law writ of certiorari, this court described that issue as follows in Phillips, supra :
"[A]lthough certiorari review ordinarily involves a simple review of the record made before the agency that rendered a decision under review, our Supreme Court has yet to condemn a trial court in this setting for having taken evidence pertaining to whether a liquor-license denial is arbitrary or capricious, as Harrelson [v. Glisson, 424 So.2d 591 (Ala. 1982),] and Black [I,] indicate. See also Ex parte King, 364 So.2d 318 (Ala. 1978) (allowing extraneous evidence to demonstrate arbitrariness on part of state agency despite silence of statute authorizing review of agency's decision). It is simply unnecessary for this court, in deciding this appeal, to forever resolve the tension between the duty of a trial court on certiorari to focus its review upon the record already made and its duty to ensure that a party has had a *901 full opportunity to show whether the decision under review is arbitrary or capricious."
961 So.2d at 831 n.3.
In light of our supreme court's opinions in, among other cases, Ex parte King, Black II, Inn of Oxford, and Black I, and other cases applying the principles articulated therein, I believe that Minesaha should be permitted to offer evidence relevant to its allegations regarding the town's unconstitutional discrimination on remand. In so doing, I am mindful of the historically limited scope of review under the common-law writ of certiorari, the wide discretion afforded to municipalities when deciding whether to approve liquor-license applications, and the overarching principle that "[n]o person has or enjoys a vested right to have a liquor license." Cooke v. Loper, 151 Ala. 546, 550, 44 So. 78, 79 (1907). However, this state's body of law on the subject leads me to the conclusion that applicants are entitled to judicial review of municipalities' denials of their liquor-license applications and an opportunity to fully demonstrate the existence of unconstitutional discrimination if such circumstances are present.
That is not to say, however, that liquor-license applicants have a right to de novo proceedings in a circuit court, not provided by statute, regarding decisions of municipalities. In other words, if the town's minutes or records of the April 18, 2016, and May 23, 2016, city-council meetings contain factual findings supporting its decision, those findings may not be attacked collaterally through the introduction of additional evidence; they are to be taken as true in accordance with the scope of review applicable to petitions for the common-law writ of certiorari. However, if Minesaha cannot prove its allegations regarding the town's unconstitutional discrimination without presenting evidence outside the town's minutes or records, the circuit court should consider admitting the evidence proffered by Minesaha for that limited purpose in accordance with the rules of evidence. "The burden of proving any unconstitutional action is upon [Minesaha]." Black I, 360 So.2d at 306. If, after an examination of the town's minutes or records and any additional evidence that has been admitted, the circuit court concludes that the town did not act arbitrarily or capriciously and did not unconstitutionally discriminate against Minesaha, it should affirm the town's decision to deny approval of Minesaha's liquor-license application. Otherwise, the town's decision should be quashed. See Fox, supra, and Phillips v. Holmes, 165 Ala. 250, 256, 51 So. 625, 627 (1910) (explaining that, "under the common-law writ of certiorari, ... the only proper judgment is to affirm or quash the proceedings").

Section 28-3A-11, Ala. Code 1975, provides, in relevant part:
"[T]he board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a retail liquor license ...."
Section 28-3-1(4), Ala. Code, 1975, defines the "board" as: "The Alcoholic Beverage Control Board."

Rule 20-X-5-.04(2), Ala. Admin. Code (ABC Board), provides, in relevant part: "There shall be two classes of Lounge Retail Liquor Licenses. ... (b) Class II will permit the licensee to sell alcoholic beverages only for off-premises consumption in the original unopened containers and shall comply with the requirements of 20-X-5-.13."

See Rule 12(b), Ala. R. Civ. P. ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."), and Banks, Finley, White & Co. v. Wright, 864 So.2d 324, 327 (Ala. Civ. App. 2001) ("Documents attached to a motion to dismiss are considered a part of the pleadings if those documents were specifically referred to in the plaintiff's complaint and are central to the claim being brought.").

Although § 6-6-640(a) requires that petitions for the writ of certiorari be verified by affidavits, which Minesaha failed to do in this case, that requirement is not jurisdictional, and the town has waived that issue by failing to properly raise the verification requirement in the circuit court. See Ex parte Collins, 84 So.3d 48, 53 (Ala. 2010) ("We hold that the verification requirement in § 6-6-640(a), Ala. Code 1975, for petitions for writs of ... certiorari ... is purely a procedural requirement, not a jurisdictional requirement, because the verification of the petition does not limit the power of the circuit court to adjudicate the petition. ... [I]f the respondent does not properly raise the verification requirement in the circuit court, that issue is waived.").