THOMAS, Judge.
EMBU, Inc. ("EMBU"), appeals from a judgment of the Montgomery Circuit Court in favor of the Tallapoosa County Commission ("the county commission"). Because the circuit court's judgment is void, we dismiss the appeal.
Background
On December 8, 2016, EMBU initiated an action in the circuit court via a pleading that it styled a "petition for writ of certiorari and for declaratory judgment" against the county commission, five county commissioners individually, the Alabama Alcoholic Beverage Control Board ("the ABC Board"), and three members of the ABC Board individually. EMBU specifically sought a "declaratory judgment and injunctive relief" under § 6-6-220 et seq., Ala. Code 1975, "and certiorari relief pursuant to," among other authority, Black v. Pike County Commission, 360 So.2d 303 (Ala. 1978).
In relevant part, EMBU alleged in its petition that it was the owner and operator of a convenience store and fuel station located in Tallassee and that the ABC Board had previously granted it a liquor license but had also, the next day, "rescinded and revoked" the liquor license after the county commission denied approval of the liquor license. EMBU alleged that the county commission's denial of approval for its liquor license was unconstitutional as being, among other things, arbitrary and capricious. In light of its allegations, EMBU's petition asked for specific relief, as set out in relevant portions of two counts: (1) A declaratory judgment "vacating and setting aside the denial of [its] liquor license," ordering the ABC Board to issue a liquor license to EMBU, and enjoining the county commission "and its officers" from interfering with EMBU's right to a liquor license; and (2) the issuance of "a writ of certiorari ... finding that the denial of [EMBU]'s liquor license was arbitrary, capricious[,] and unreasonable, in violation of applicable and well settled caselaw" and setting aside the county commission's decision. EMBU later filed an amended petition, to which it attached an affidavit of one of its officers in support of its allegations.
The county commission and the county commissioners answered EMBU's complaint and generally denied its allegations. The ABC Board and the ABC Board members also filed an answer, in which they specifically denied several of EMBU's allegations *733 and, in the same pleading, moved to dismiss EMBU's claims against them based on, among other things, assertions that the ABC Board members were immune from liability and that the ABC Board lacked authority to issue EMBU a liquor license without the county commission's approval, citing as support § 28-3A-23(d), Ala. Code 1975 ("Each retail liquor license application must be approved ... by the county commission if the retailer is located in the county and outside the limits of the municipality before the board shall have authority to grant the license.").
On February 22, 2017, the circuit court entered an order indicating that it had conducted a hearing regarding a "motion for emergency relief" that had been filed by EMBU. In its order, the circuit court denied EMBU's motion, granted the ABC Board's and the ABC Board members' motion to dismiss, and granted an oral motion that had been asserted at the hearing to dismiss EMBU's claims against the county commissioners. Thus, after the entry of the circuit court's February 22, 2017, order, the only defendant remaining in EMBU's action was the county commission.
The circuit court conducted an evidentiary hearing regarding EMBU's petition on May 2, 2017.[1] On July 31, 2017, the circuit court entered a judgment that provided, in its entirety: "Based on the evidence presented, this Court finds in favor of the Defendants and against the Plaintiff as to all issues in this case." EMBU filed a timely notice of appeal on September 12, 2017.[2] This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. See Minesaha, Inc. v. Town of Webb, 236 So.3d 890, 894 (Ala. Civ. App. 2017).
Analysis
As noted above, the circuit court dismissed all the defendants named in EMBU's petition, except the county commission, and EMBU does not challenge the circuit court's dismissal of those defendants on appeal. We will not, therefore, consider the circuit court's dismissal of those parties. Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985). Effectively, the relief sought by EMBU in the circuit court was distilled to a review of the county commission's denial of approval for its liquor license. On appeal, EMBU essentially argues that the circuit court's judgment should be reversed because, it says, the county commission's decision was arbitrary and capricious. The county commission disagrees.
In order to evaluate EMBU's argument, we must first determine the nature of the circuit court's review of the county commission's decision. As noted above, EMBU styled its pleading in the circuit court as a "petition for writ of certiorari and for declaratory judgment." It also specifically asked the circuit court to issue a writ of certiorari and set aside *734 the county commission's decision.[3] " 'Where there is no statutory right of direct appeal from a local government's decision to deny an application for a liquor license, the only proper method of judicial review is by the common-law writ of certiorari.' " Minesaha, 236 So.3d at 894 (quoting Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 n.3 (Ala. 2006) ). EMBU has not provided, and we have not discovered, a statutory right of direct appeal from the county commission's denial of approval for a liquor license. We therefore conclude that the circuit court's review of the county commission's decision was by way of a petition for the common-law writ of certiorari.[4]
"Although neither party has raised an issue regarding this court's jurisdiction, 'jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' " Baker v. Baker, 25 So.3d 470, 472 (Ala. Civ. App. 2009) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ). See also Rule 2(a)(1), Ala. R. App. P. Moreover, " '[a] judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.' Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008)." MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala. 2011). We therefore consider whether the circuit court could properly exercise subject-matter jurisdiction over the county commission's decision via a petition for the common-law writ of certiorari.
"Certiorari at common law was an original writ issued out of a superior, to an inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority." Ex parte Hennies, 33 Ala. App. 377, 379, 34 So.2d 22, 23 (1948). We have also explained that "[t]he common-law writ of certiorari is a remedial writ invoking the ' "supervisory power of a superior over an inferior legal tribunal." ' ... [T]he court entertaining a petition for a common-law writ of certiorari must be a court of superior jurisdiction to the inferior tribunal at issue." G.W. v. Dale Cty. Dep't of Human Res., 939 So.2d 931, 934-35 (Ala. Civ. App. 2006) (quoting City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919) ).
In G.W., 939 So.2d at 935, we relied on, among other cases, Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303 (1942), in holding that judicial review of the actions of a department of statewide jurisdiction via a petition for the common-law writ of certiorari can be conducted only by the circuit court of the county in which the department's principal office is located. In Ex parte Alabama Textile, 242 Ala. at 613, 7 So.2d at 306, our supreme court discussed certiorari review and recognized that it had previously "sustained the power of a circuit court to review *735 by certiorari the ruling of a state board or commission ... when the circuit court doing so had original jurisdiction in the county where such board or commission had its principal place of business." Our supreme court held, among other things, that the Montgomery Circuit Court has jurisdiction over remedial writs regarding the actions of a state agency sitting in Montgomery County and specifically noted: "[W]e do doubt such authority of the circuit court of a county in which [the state agency] did not sit, to hear the matter in controversy." Id.
In Ex parte Alabama Textile, the supreme court cited, among other cases, Dunbar v. Frazer, 78 Ala. 529 (1885). In Dunbar, the supreme court considered the following issue:
"[W]hether the Circuit Court held in the county of Montgomery has jurisdiction to grant a peremptory mandamus, to compel the judge of probate of Lee county to issue to appellant a license to retail liquors in the latter county, the two counties being in different judicial circuits."
78 Ala. at 530. In so doing, it reasoned, in relevant part:
"The distinction between jurisdiction of the subject-matter, and the exercise of the jurisdiction, must be observed. While the jurisdiction of the subject-matter is co-extensive with the State, the territorial limits in which it may be exercised is left for legislative creation and regulation. ...
"The Circuit Court possesses appellate and supervisory jurisdiction, but not by reason of its distinctive organization, nor of any inherent power; neither is the constitution its source. It is of statutory creation. If the Circuit Court of Montgomery county has authority to grant the mandamus petitioned, it must be derived from section 657 of the Code [the precursor to § 12-11-30, Ala. Code 1975 ], which provides, that the Circuit Court has authority 'to exercise a general superintendence of all inferior jurisdictions.' ...
"... When a county is organized, its boundaries fixed, and a Circuit Court is constituted to be held therein, the limits within which such Circuit Court may exercise its jurisdiction are prescribed, in accordance with the provisions of the constitution. Any judgment rendered, or judicial proceedings had, at a time and place other than authorized by law, are void.- Garlick v. Dunn, 42 Ala. 404[, 405 (1858) ]. If the legislature confers appellate and supervisory power on the Circuit Court in addition to the constitutional grant, it is reasonable to infer, if not otherwise expressed, that the intention is, the exercise of such authority shall be confined within the same limits which restrict the exercise of the original jurisdiction-that is, the exercise of the two jurisdictions shall be co-extensive.
"The inferior jurisdictions, ordinarily, are circumscribed and localized. The county officers, without express authority, can do no official act without the county. Their judgments to be reviewed on appeal are rendered, and the acts to be commanded by mandamus are done, in the county. The judgments and orders of the supervising court are to be enforced in the county, and by its officers. The cause of action, if we may so term it, arises and is located in the county. The official acts of the officers, subject to supervision, are not transitory, and do not follow their persons. The general superintendency of such inferior jurisdictions is also local in its nature. The authority is 'to exercise a general superintendence;' and the statute should be construed as vesting the authority exclusively *736 in the Circuit Court which by the constitution and the statutes is empowered to exercise exclusive jurisdiction of cases in the county in which such inferior jurisdiction is located; otherwise, there would be a Circuit Court having exclusive original jurisdiction of cases, and with other Circuit Courts concurrent supervisory jurisdiction of inferior courts in the same territory."
78 Ala. at 530-32.
We find our supreme court's reasoning in Dunbar applicable here. Although Dunbar involved a petition for the writ of mandamus, a petition for the common-law writ of certiorari also calls upon a circuit court to exercise supervisory jurisdiction over decisions made by an inferior tribunal. See G.W., 939 So.2d at 934-35. Moreover, the analyses set out in Ex parte Alabama Textile and G.W., both of which discussed certiorari review, indicate that the reasoning of Dunbar supported the determinations reached in those cases. We therefore hold that a circuit court cannot exercise supervisory jurisdiction over a local government's denial of approval for a liquor license via a petition for the common-law writ of certiorari when the local government is located in a county that is outside the territorial limits of the circuit court.[5]
The circuit court is located in Montgomery County. The county commission is located in Tallapoosa County. The Montgomery Circuit Court could not exercise supervisory jurisdiction over the Tallapoosa County Commission, based on its denial of approval for EMBU's liquor license, via EMBU's petition for the common-law writ of certiorari. The circuit court's judgment is therefore void, and we dismiss EMBU's appeal. See G.W., 939 So.2d at 935-36.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

Whether the scope of the circuit court's review was proper is not at issue in this appeal. See Phillips v. City of Citronelle, 961 So.2d 827, 831 n.3 (Ala. Civ. App. 2007) (acknowledging the tension existing in the state of the law regarding the proper scope of judicial review in certiorari proceedings).

EMBU filed its notice of appeal 43 days after the circuit court entered its judgment, which, ordinarily, would make it untimely. See Rule 4(a)(1), Ala. R. App. P. On the 42d day, however, the circuit court entered an order pursuant to Rule 5, Ala. R. Jud. Admin., closing the office of the circuit court as a result of emergency weather conditions. EMBU's notice of appeal was therefore timely. See Rule 5(D), Ala. R. Jud. Admin.; see also Rule 6(a), Ala. R. Civ. P.

In a circuit court's review by way of a petition for the common-law writ of certiorari, " '[t]he only matter to be determined is the quashing, or affirmation, of the proceedings brought up for review.' " Fox v. City of Huntsville, 9 So.3d 1229, 1234 (Ala. 2008) (quoting Jefferson Cty. v. Berkshire Dev. Corp., 277 Ala. 170, 173, 168 So.2d 13, 16 (1964) ).

As we noted in Minesaha, 236 So.3d at 896, § 6-6-640 through § 6-6-642, Ala. Code 1975, provide the appropriate procedure to be followed in circuit courts regarding petitions for remedial writs. Among other things, those provisions require that petitions for remedial writs be accompanied by an affidavit, although that requirement is not jurisdictional. See Ex parte Collins, 84 So.3d 48, 53 (Ala. 2010). As noted above, EMBU attached an affidavit of one of its officers to its amended petition.

We note that § 28-1-6(a)(1)b. and (b)(1)b. and § 28-1-7(b), Ala. Code 1975, provide for circumstances in which the ABC Board can issue a license after approval has been denied by the governing bodies of class 1, class 2, and class 4 municipalities, respectively, and reflect similar reasoning to that set out here. Subsections (a)(1)b. and (b)(1)b. of § 28-1-6 require a showing that, among other things, the decision "has been set aside by order of the circuit court of the county in which the site is situated." (Emphasis added.) Section 28-1-7(b) requires a showing that, among other things, the decision "has been set aside by order of the circuit court of the county in which the municipality is situated." (Emphasis added.)